OPINION of the Court, by
Judge Bibb.
— The assignments of error are in substance the following :
1st. “ The breaches in the declaration are insufficiently assigned
2d. It is not averred that Willis Buzan had attained the age of twenty-one years ; nor is it stated by the pleadings how or in what manner a conveyance could have been made legally, before his full age :
3d. The court erred in overruling the motion for a continuance : and lastly,
4th. In permitting the writing to be given in evidence to the jury, as stated in the bill of exceptions. The bearing of these assignments will be understood from the following abstract of the case.
Application to. county court be. ing irregular and unauthorif* ed, does not support the breach of covenant fuppofed#
Obfervations made by coun-fel to the court? that the witnef. fes were material, not fuffi-cient evidence of their materiality on motion for continuance.
Reliance upon the clerk to renew fubpanas for witnefleS; according to his general cuftom» without any me morandum given him to issue subpanas9 isnot due diligence to prepare for trial.
If plaintiff, will not rely, upon the im. plied confession of his caufe of action upon executing a writ of enquiry, and offers a covenant materially variant from that . declared on, the court ihould not permit it to ⅛. rvidsnes.
Marshall, as assignee of a covenant made by Carr and Sarah his wife with Christopher Roddy, declared fora breach thereof; stating that the defendants had covenanted to make out or cause to be made out a deed of conveyance or conveyances, as the said Roddy should approve, to convey and assure in possession to the said Roddy a#id his heirs, free from all manner of claims and incumbrances, the said Sarah Carr's interest and right as a child and legatee of Jesse Buzan, deceased, in two tracts of land deeded to said decedent, lying in the county of Henry on the waters of Drennon’s creek, &c. one containing 233 1-3 acres, beginning, &c. See. the other 36 1-2 acres, beginning, &c. Stc. : these conveyances and assurances to be made on or before.Willis Bu-zan, the youngest son of the said decedent, came of age, “ or sooner, if it could be done agreeable to law." The declaration does not aver that Willis Buzan had attain; ed full age, but the substitute for that is an averment that the county court of Henry, at their July court 1799, appointed certain persons, named, &c. “ commissioners for the purpose of dividing and conveying lands in certain cases agreeably to an act of assembly in such cases made and provided, which more fully appears of record in said court: And whereas afterwards, to wit, at the March term of the county court of Henry county, held in 1806, the said court, on the application of the said plaintiff, assignee as aforesaid, ordered the commissioners before appointed for that purpose, to attend with the said plaintiff and make a division of the two tracts of land aforesaid of Jesse Buzan aforesaid, among the heirs of said Buzan or the assignees of those who were of full age and those who were infants, and allot and convey to the several persons entitled thereto their respective parts and portions of said land, and appointed Samuel M’Kinley guardian of the infant heirs of said Buzan to attend with said commissioners in making said division and allotments and conveyances agreeably to an act of assembly in such cases made and provided, all which more fully appears of record in said court.”
The plaintiff then avers that the commissioners aforesaid divided each of the said tracts of land into five equal parts, agreeable to the number of the heirs of said Buzan, apd allotted to each claimant his^part 5 that the *364 said tracts were laid off as represented on a plat exhibited ; that“ lot No. 1, upon the plat in the large division, was allotted to the said plaintiff, as assignee aforesaid, bounded, &c. also lot No. 1, in the smaller division, (being the land allotted to the widow of Jesse Bu-zan as her dower in the term of her life) allotted to the said plaintiff in manner and form aforesaid, by deed, as follows, beginning”-=&c. “ which appears by the report of the said commissioners, &c. By reason of which division and allotment, the said defendants became bound and liable to make to said plaintiff, a conveyance of the Lot No. 1, in the surveys aforesaid allotted to the said plaintiff, as the part and portion, legacy, &c. of the said Sarah Carr, in the two tracts of land aforesaid. The breach is then assigned in the failure, to convey the said lots or either of them, &c. although often required, and particularly on the -- day of-at the usual abode of the defendants.”
The 3d assignment embraces a bill of exceptions, taken to the opinion of the court in overruling a motion for a continuance, asked for, because the clerk had omitted to renew the subpcenas for witnesses who had been summoned to a former term, at which they were sworn ; “ it being the usual custom of the clerk to renew the subpcenas without express direction, and had done so for the plaintiff in the present instance.” “ The defendants in the action were non residents,” and the materiality of the witnesses, was made known only by an observation from the counsel of the defendants to the court, that the witnesses were material in the opinion of the said counsel.
The 4th assignment embraces a bill of exceptions, taken to the opinion of the court for overruling an objection to the writing, for variances from the declaration. The declaration states the one tract as containing 233 1-3 acres, the other 36 1-2 acres ; the covenant is 233 1-2 acres, and 66 1-2 acres ; in reciting the boundaries, the declaration mentions one line as of 306 1-2 poles, instead of 360 1-2 poles.
The first and second assignments may be considered together, and depend upon the sufficiency or insufficiency of the allegations respecting the division under the order of the county court.
*365 As there is no averment that Willis Buzan had attained the age of twenty-one, unless the division aforesaid and refusal to convey according to that allotment, is a breach of the alternative charged in the declaration, there is no breach assigned. The declaration falls far short of shewing that the defendants could by virtue of said division have legally conveyed and assured to the. plaintiff' in the action below, the land allotted to him :■ 1st, the declaration does not shew that the case was within the jurisdiction of the county court: 2dly, by his own shewing the application was made by himself, claiming the interest of a feme covert by covenant only, which being signed by her during coverture, was as to her in no wise obligatory, and passed no estate or interest from her to him, and therefore the application to the county court, was not warranted by the statutes respecting the conveyance and division of lands made and provided. If the application was regular, yet the plaintiff" below had nothing to complain of but his own neglect, in not pursuing the statutory remedy throughout, and obtaining from the commissioners, conveyances to himself, for both lots or tracts, according to the powers given them by the statutes of 1797 and 1802.
3d. point. The court overruled the motion for a continuance very properly. The bare observation of counsel that those witnesses formerly summoned, were in their opinion material, was not a sufficient verification of their materiality. If counsel had conversed with the witnesses, or heard their relations when upon oath, and therefore believed them material, they should have made affidavit to satisfy the discretion of the court. But the case stated by no means excuses the want of diligence in using the process of the court to compel the attendance of the witnesses. It is no part of the clerk’s official duty, to act as agent for the litigants, and without request renew subpoenas. If parties choose to rely upon the clerk as a particular agent in their cause, or as a general and customary agent for all the suitors in court, they must abide by the negligence of that agent as their own.
Upon the 4th point, it seemed questionable whether the setting forth the boundaries of the two tracts, might not have corrected the mistake of quantity ; but the mis-recitals of boundary, and of quantity, that is to say, of *366 thirty-six instead of sixty-six, seem material, where the jury are onty t0 estimate damages by calculation, without going on the ground.. The covenant was calculated to demand of the jury a higher estimate than the declaration ; and as the plaintiff below did not choose to rely on his case as stated, and impliedly confessed by the default, but attempted to prove a different case upon the execution of the writ of enquiry, the defendants there had an undoubted right to repel the attempt and confine the evidence within the pleadings, and the opinion cf the court on this point was therefore erroneous.
We would recommend to the counsel for the plaintiff below, to consider whether they can support the action in its present shape, that is to say, against the wife, upon a covenant signed by her during coverture ; this question was not made by the assignment of errors, and. therefore we cannot notice it farther.
Judgment reversed.